IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                           1:22-cr-00767-KWR-1

MARC CANDELARIA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on United States' Notice to Admit Res Gestae Evidence Not Charged in Indictment Pursuant to Federal Rules of Evidence 401, 403, and 404(b).  Doc. 61.  Having considered the briefings and relevant law, the Court finds Defendant's objection is not well-taken, and therefore, is **OVERRULED**.

## BACKGROUND

Defendant Marc Candelaria was indicted on a two count Indictment for bank robbery in violation of 18 U.S.C. §2113(a) and bank fraud in violation of 18 U.S.C. §1344(2).

On October 5, 2023, the Government filed a Notice to Admit Res Gestae Evidence Not Charged in Indictment Pursuant to Federal Rules of Evidence 401, 403, and 404(b).  Doc. 61.  On October 17, 2023, Defendant filed a response in opposition to Government's motion.  Doc. 67.  On December 5, 2023, the Government filed an amended notice incorporating the superseding indictment.  Docs. 79 and 85.  Defendant asks this Court to deny the relief requested in the United States' briefs.

**LEGAL STANDARD**

Federal Rule of Evidence 401 states, "[e]vidence is relevant if: (a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed.R.Evid. 401.  Under Rule 401, a fact is of consequence when its existence provides a factfinder with a basis to provide an inference or chain of inferences about an issue necessary to a verdict.  *United States v. Mendoza-Salgado*, 964 F.2d 993, 1006 (10th Cir. 1992).

Res gestae evidence is "those other acts that are inextricably intertwined with the charged offense or those acts, the telling of which is necessary to complete the story of the charged offense." *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000); *see United States v. McVeigh*, 153 F.3d 1166, 1203 (10th Cir. 1998), disapproved of on other grounds by *Hooks v. Ward*, 184 F.3d 1206 (10th Cir. 1999).  The Sixth Circuit in *Hardy* explained:

> Proper background evidence has a causal, temporal or spatial connection with the charged offense. Typically, such evidence is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense.

228 F.3d at 748.[1]  The Tenth Circuit has stated that "[e]vidence of other crimes should not be suppressed when those facts come in as res gestae – as part and parcel of the proof of the offense[] charged in the indictment."  *United States v. Shirley*, 214 F. Supp. 3d 1124, 1149 (D.N.M. 2016) citing, *United States v. Kimball*, 73 F.3d 269, 272 (10th Cir. 1995).  Res gestae evidence is permitted "when it provides the context for the crime, is necessary to a full presentation of the case, or is appropriate in order to

---

[1] Several instances in which this Court has previously admitted evidence as res gestae include, *Wilson v. Jara*, 2011 WL 6739166, 2011 U.S. Dist. LEXIS 147752 at *8 (in the course of alleged unlawful arrest, a plaintiff spat on and touched defendant police officers); *United States v. Ganadonegro*, 2011 WL 3957549, 2011 U.S. Dist. LEXIS 101548, at *1 (D.N.M. 2011) (evidence that a defendant, accused of the death of a child, called a family member several times to complain about child crying); *United States v. Zuni*, 2006 WL 4109664, 2006 U.S. Dist. LEXIS 95621, at *2-3 (D.N.M. 2006) (an alleged kidnapping and rape occurred after a defendant had a dispute with victim's children, which escalated into violence).  In these instances, this Court determined the res gestae evidence and the provided background information were useful to paint a picture or describe context and not that a defendant acted in conformity with previous conduct, but rather to establish a spatial, causal, and temporal connection with the charged offenses.  *Id*.

complete the story of the crime on trial by providing its immediate context or the res gestae. *Kimball*, 73 F.3d at 272.

Under Federal Rule of Evidence 404(b), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." However, under Rule 404(b)(2), "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed.R.Evid. 404.

"In other words, one cannot present evidence the relevance of which is based on the forbidden inference: the person did X in the past, therefore he probably has a propensity for doing X, and therefore he probably did X this time, too." *Jara*, 2011 WL 6739166, at *5. To determine whether evidence is admissible under Rule 404(b)(2), the *Huddleston* test applies: (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the trial court must make a Rule 403 determination of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) pursuant to Fed. R. Evid. 105, the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted. *United States v. Zamora*, 222 F.3d 756, 762 (10th Cir. 2000)(Ebel, J.)(citing *United States v. Roberts*, 185 F.3d 1125 (10th Cir. 1999)(Porfilio, J.)). *See United States v. Higgins*, 282 F.3d 1261, 1274 (10th Cir. 2002)(Holloway, J.); *United States v. Hardwell*, 80 F.3d 1471, 1488 (10th Cir. 1996)(Briscoe, J.)(citing *Huddleston v. United States*, 485 U.S. at 691–92, 108 S.Ct. 1496).

## ANALYSIS

Defendant objects to two principal categories of evidence offered by the United States: (1) evidence of Defendant's gambling history as referenced in Document 61-2, and (2) proposed testimony evidence of the home invasion of Defendant's father-in-law. This Court concludes that the

Government's proposed evidence is admissible as res gestae evidence and pursuant to Federal Rules of Evidence 401, 403, and 404(b). Therefore, Defendant's objection is **OVERRULED**.

### I. Evidence Related to Defendant's Gambling/Casino Activity is Admissible

The United States contends that Defendant's gambling records are intrinsic and inextricably intertwined to the crimes Defendant is charged with and therefore, admissible as res gestae. *United States v. O'Brien*, 131 F.3d 1428, 1432 (10th Cir. 1997); *United States v. Lambert*, 995 F.2d 1006, 1007 (10th Cir. 1993) (quoting *United States v. Williams*, 900 F.3d 823, 825 (5th Cir. 1990)); *United States v. McVeigh*, 153 F.3d 1166 (10th Cir. 1999). The United States argues that evidence of both Defendant's gambling activity and the home invasion, which implicate the fraudulent checks, provide context and background information that the factfinder needs to know to understand and fairly consider the crimes charged. Doc. 61 at 13. Without admission, officers would not be able to explain their investigatory motives, nor would the investigation of Defendant make sense without context. *Id.* Alternatively, evidence related to Defendant's gambling activities is admissible under Rule 404(b). Specifically, the evidence the Government seeks to admit documents Defendant's gambling history from September 2020 to May 2022.

Defendant contends that the Government's argument fails to establish that the evidence it seeks to admit is intrinsic. Doc. 66 at 5. Absent evidence that Defendant incurred significant gambling debts that resulted in dire financial circumstances at the time of the bank robbery, the gambling evidence has little probative value. *Id.* at 10. Furthermore, Courts have previously found that gambling evidence can have a prejudicial effect on a jury. *Jones v. Bd. Of Trustees of Community College Dist. No. 508*, 75 F. Supp. 2d 885, 888 (N.D. Ill. 1999). Defendant then contends that under Rule 403, Defendant's gambling history would likely provoke an emotional response from, mislead, or confuse the jury. Doc. 66 at 10-11. Therefore, under Rule 403, the evidence is inadmissible.

Relevant evidence is admissible at trial.  Fed.R.Evid. 401.  Evidence is relevant if it has a "tendency to make the existence of any fact more probable or less probable than it would be without the evidence."  *United States v. Gutierrez–Castro*, 2011 WL 3503321, at *3, 2011 U.S. Dist. LEXIS 88440, at *3.  Under Rule 401, a fact is of consequence when its existence provides a factfinder with a basis to provide an inference or chain of inferences about an issue necessary to a verdict.  *Mendoza-Salgado*, 964 F.2d at 1006.  Applying this standard, this Court finds the evidence the Government seeks to admit of Defendant's gambling record from 2020 to 2022 in Document 61-2 is relevant.  Here, Defendant's gambling history both before and after the alleged bank robbery and bank fraud is probative of establishing Defendant's possible motive for committing the charged crimes.  Defendant's gambling history makes the existence of any fact more or less probable than without the evidence.  *Gutierrez-Castro*, 2011 WL 3503321, at *3.  Therefore, it is of consequence to the factfinder regarding issues necessary for a verdict, and this Court finds the evidence in question relevant.

The United States' argument that Defendant's gambling history is admissible as res gestae is well taken.  "Although gambling losses bear no similarity to bank robberies, the government is not required to prove similarity when the "other act" is offered to establish a motive for the crime."  *United States v. Shriver*, 842 F.2d 968, 974 (7th Cir. 1988).  As to its admissibility as res gestae, this Court finds evidence of Defendant's gambling history is admissible as it is inextricably intertwined with, integral to, and necessary for the jury to understand the evidence related to the bank fraud and bank robbery charges.  While gambling itself is not an integral part of or intrinsic to the crimes charged, gambling addiction and losses have an extensive record of being admissible as res gestae.  *Ellington*, No. 07 CR 846, 2009 WL 1309525, citing *United States v. Mobley*, 193 F.3d 492, 495–96 (7th Cir.1999); *see also Morant*, 98 Fed. Appx. at 564  (gambling losses admissible to prove motive for bank robbery); cf. *Swan*, 250 F.3d at 501.  This is especially the case in circumstances where the question of

cash flow is relevant to a defendant's motive, as is the case here. *Id.* Related to the crimes of bank robbery and bank fraud, Defendant's potential gambling addiction and losses within the context of cashflow are inextricably intertwined. Without this evidence, witness testimony would be both confusing and incomplete without mentioning these prior acts. *United States v. Johnson*, 42 F.3d 1312, 1316 (10th Cir. 1994); *United States v. Parker*, 553 F.3d 1309, 1314 (10th Cir. 2009). As the Government asserts and this Court agrees, without Defendant's extensive gambling history, witnesses will be unable to explain their motives for suspecting and investigating Defendant. Doc. 61 at 13. Defendant's gambling losses and possible addiction provide context for the crime and are necessary for a full presentation of this case to the jury. *Kimball*, 73 F.3d at 272. In addition to the probative value, this Court also finds the proposed background evidence has causal, temporal, and spatial connections to the charged offenses. *Hardy*, 228 F.3d at 748.

To be admissible, res gestae evidence is subject to Rule 403 scrutiny. *Shirley*, 214 F.Supp.3d at 1158. Under Rule 403, unfair prejudice "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Tan*, 254 F.3d 1204, 1211 (10th Cir. 2001) citing, Fed.R.Evid. 403 advisory committee note. Furthermore, this Court has considerable discretion in performing a Rule 403 balancing test, which itself "is an extraordinary remedy and should be used sparingly." *Id.* citing, *United States v. Rodriguez*, 192 F.3d 946, 949 (10th Cir.1999). The United States posits that Defendant's gambling history provides unique probative value regarding his cashflow and possible motive for the charged crimes not captured by other evidence. This Court agrees and finds that the gambling evidence in question has independent probative value that is not substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Gambling is a popular activity, one that ordinarily does not stir an emotional response nor is such evidence likely to confuse the

issues or mislead the jury.  Defendant has not demonstrated that unfair prejudice substantially outweighs its probative value as required by Rule 403.  Therefore, this Court finds that the evidence the Government seeks to admit is admissible as res gestae, satisfies Rule 403, and is therefore, admissible.[2]

Alternatively, Defendant's gambling history is admissible under Rule 404(b).  Under the *Huddleston* test: (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the trial court must make a Rule 403 determination of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) pursuant to Fed. R. Evid. 105, the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted.  *Zamora*, 222 F.3d at 762; *Roberts*, 185 F.3d at 1125; *Higgins*, 282 F.3d at 1274; *Hardwell*, 80 F.3d at 1488; *Huddleston*, 485 U.S. at 691–92.

The United States argues that under Rule 404(b), the gambling evidence establishes motive, identity, and absence of mistake or accident – permitted uses of otherwise prohibited other crimes, wrongs, or acts.  Doc. 61 at 16-17.  Defendant contends evidence of his gambling bears no relation to establishing his motive, identity, or absence of mistake or accident.  This Court agrees with the United States and finds that Defendant's gambling records are admissible under Rule 404(b).

Defendant's gambling records are admissible for the purposes of establishing motive as to the charges of bank fraud and bank robbery.  As the Government argues and this Court agrees, "[e]vidence of gambling has been found to be admissible under Rule 404(b) when the question of cash flow is relevant to the defendant's motive." Doc. 61 at 14 citing *Ellington*, No. 07 CR 846, 2009 WL 1309525, at *7 (N.D.Ill. May 11, 2009); *see also Morant*, 98 Fed. Appx. at 564 citing, *Hughes*, 310 F.3 at 565 n.

---

[2] The limitations of Rule 404(b) do not apply to intrinsic, i.e., res gestae evidence, and therefore, a 404(b) analysis need not be conducted to determine admissibility as res gestae.  *O'Brien*, 131 F.3d at 1432 citing, *Lambert*, 995 F.2d at 1007 (quoting *Williams*, 900 F.2d at 825).

7

11, *United States v. Swan*, 250 F.3d 495, 501 (7th Cir. 2001).[3] The Government asserts that Defendant's gambling history and losses motivated him to commit the charged crimes. Under *Huddleston*, this Court finds Defendant's gambling records are offered for a proper purpose, namely, probative of Defendant's motive for committing the charged crimes. As this Court previously discussed, such evidence is relevant and complies with Rule 403. Defendant's extensive gambling history both before and after the events in question is highly probative of Defendant's potential motive for the charged offenses, and the United States has precisely articulated the hypothesis by which consequential facts can be inferred from these acts. *United States v. Holt*, No. 21-CR-205-JFH, 2022 WL 2359785 * 2 (E.D. Okla. June 30, 2022), citing *Kendall*, 766 F.3d at 1436. Therefore, this Court finds Defendant's gambling history is admissible under Rule 404(b) as to motive.

The United States next asserts that Defendant's gambling history is admissible for the purposes of identity. The Government argues it does not have witnesses that can affirmatively identify Defendant as the bank robber and must therefore, rely on circumstantial evidence. "[I]f the defendant is shown to have engaged in gambling activity, it is more likely that he committed the crime charged to obtain money to support his gambling habit." Doc. 61 at 15. Because identity is at issue, the circumstantial evidence in question serves the purposes of proving identity. This Court agrees. Defendant's gambling history is probative of motive for the charged crimes, including identification of the bank robber in question. As this Court previously reasoned, such evidence is relevant, complies with Rule 403, is

---

[3] *See also*, *United States v. Ellington*, No. 07 CR 846, 2009 WL 1309525 (N.D. Ill. May 11, 2009) citing *United States v. Mobley*, 193 F.3d 492, 495–96 (7th Cir.1999), "[g]ambling records revealed that [defendant] had lost at least several hundred dollars in the months leading up to the staged bank robbery….the Court found that the evidence related to her gambling activity was relevant to establish her motive for embezzling money and for staging the bank robbery and that the probative value of the evidence was not substantially outweighed by the risk of unfair prejudice."…"Evidence of prior bad acts is not admissible to show character traits and conformity with those traits. Fed.R.Evid. 404(b). Nevertheless, evidence of prior bad acts is admissible to establish something other than the defendant's propensity to commit the crime, such as motive, intent, or identity, and the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. *Id*., Fed.R.Evid. 403. Evidence of gambling has been found to be admissible under 404(b) when the question of cash flow is relevant to the defendant's motive."

probative of identity, and the United States has precisely articulated the hypothesis by which consequential facts can be inferred. Therefore, this Court finds Defendant's gambling history admissible under Rule 404(b) as to identity.

The United States argues the gambling evidence proves absence of mistake. Specifically, Defendant's need for money to sustain his gambling habit "illustrates that there was no miscommunication from the defendant or mistake by the victim at the time of the bank robbery." Doc. 61 at 17. This Court disagrees. "Often the absence of mistake or accident is proved on a notion of probability, i.e., how likely is it that the defendant would have made the same mistake or have been involved in the same fortuitous act on more than one occasion." *United States v. Wallen*, 376 F. Supp. 2d 1184, 1190-91 (D.N.M. 2005) citing, Charles A. Wright & Arthur R. Miller, 22 Federal Practice & Procedure § 5247: Absence of Mistake or Accident. Neither the Government nor Defendant contends that Defendant's gambling history has probative value because of some mistake or accident. This Rule 404(b) exception "is limited to situations when a defendant claims to have made a mistake, such as when the accused admits to touching [a] victim, but says it was accidental or by mistake." § 13:13. Other crimes, wrongs, or acts, Trial Handbook for New Mexico Lawyers § 13:13. Defendant has not asserted that he made a mistake or accident as to either bank robbery or bank fraud. The Government has offered conclusory statements which alone are insufficient to prove that the proposed evidence is relevant to issues other than character. *United States v. Dill*, 628 F. Supp. 3d 1104, 1111-12 (E.D. Okla. 2022). Therefore, this Court finds the United States has not established Defendant's gambling history has been offered for the proper purpose of establishing absence of mistake or accident.

In sum, this Court finds under Rule 404(b), Defendant's gambling history offered by the Government is admissible for the purposes of establishing motive and identity. The evidence in

question has been offered for a proper purpose, is relevant, and complies with Rule 403. Therefore, alternatively, Defendant's gambling history is admissible under Rule 404(b).

## II.     The Court will Permit Testimony of the Home Invasion

The United States seeks testimony regarding the home invasion of Defendant's father-in-law's house from J.H., M.H., V.H., and officers involved with the related investigations. Doc. 85 at 2-8.[4]

Defendant contends that evidence of the home invasion and assault do not fall within the res gestae doctrine. Explicit details of the home invasion are unnecessary to explain the bank fraud charge, explain the testimony of the proposed witnesses, or establish elements of bank fraud under 18 U.S.C. § 1344. Doc. 92 at 6-7. Not only is this evidence not essential to the context of the crime and therefore inadmissible as res gestae, but the home invasion evidence does not comply with Rules 403 and 404(b). Defendant argues that the proposed home invasion testimony does not serve the purposes of establishing identity, motive, opportunity, plan, preparation, and intent to commit the crime. *Id*. at 10-11. Furthermore, Defendant concludes the detailed evidence of the home invasion and attack on J.H. is not relevant to the charged crimes and has little probative value. *Id*. at 11-12.

Relevant evidence is admissible at trial. Fed.R.Evid. 401. Evidence is relevant if it has a "tendency to make the existence of any fact more probable or less probable than it would be without the evidence." *Id*.; *Myrick v. Husqvarna Pro. Prod., Inc.,* 508 F. Supp. 3d 846 (D. Kan. 2020). Under Rule 401, a fact is of consequence when its existence provides a fact-finder with a basis to provide an inference or chain of inferences about an issue necessary to a verdict. *Mendoza-Salgado*, 964 F.2d at 1006. Applying this standard, this Court finds the proposed testimony as to the home invasion of Defendant's father-in-law's house is relevant. The proposed testimony makes the existence of any fact more or less probable than without the evidence. *Gutierrez-Castro*, 2011 WL 3503321, at *3. Here,

---

[4] *See* Doc. 85 at 2-8 for the Government's full account of the expected testimony regarding the home invasion.

testimony surrounding the home invasion is probative of determining whether Defendant committed bank fraud since Defendant's father-in-law allegedly issued one of the checks during the home invasion. Therefore, it is of consequence to the factfinder regarding an issue necessary for a verdict. As such, this Court finds the proposed testimony relevant.

The United States contends that the proposed home invasion testimony is admissible as res gestae evidence. This Court agrees. The Tenth Circuit has stated that "[e]vidence of other crimes should not be suppressed when those facts come in as res gestae – as part and parcel of the proof of the offense[] charged in the indictment." *Shirley*, 214 F. Supp. 3d at 1149 citing, *Kimball*, 73 F.3d at 272. Res gestae evidence is permitted "when it provides the context for the crime, is necessary to a full presentation of the case, or is appropriate in order to complete the story of the crime on trial by providing its immediate context or the res gestae. *Kimball*, 73 F.3d at 272. Res gestae itself is defined as "those other acts that are inextricably intertwined with the charged offense or those acts, the telling of which is necessary to complete the story of the charged offense." *Hardy*, 228 F.3d at 748; *see McVeigh*, 153 F.3d at 1203; *United States v. Weinstock*, 153 F.3d 272, 277 (6th Cir.1998); *United States v. Barnes*, 49 F.3d 1144, 1149 (6th Cir.1995); *United States v. Townsend*, 796 F.2d 158, 162 (6th Cir.1986); *United States v. Cunningham*, 103 F.3d 553, 557 (7th Cir.1996). The Sixth Circuit in *Hardy* explained:

> Proper background evidence has a causal, temporal or spatial connection with the charged offense. Typically, such evidence is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense.

228 F.3d at 748.

Here, this Court finds the proposed testimony related to the home invasion admissible as res gestae, as it is inextricably intertwined with, integral to, and necessary for the jury to understand the evidence. Defendant is charged with bank fraud, a violation of 18 U.S.C. §1344(2), "through the tendering of a materially fraudulent check." Doc. 79 at 1. The circumstances leading up to and

11

surrounding this crime are critical and "part and parcel of the proof of the offense charged in the indictment." *Kimball*, 73 F.3d at 272; *Gano*, 560 F.2d at 993. Without testimony regarding the home invasion, where one of the fraudulent checks was allegedly produced, witness testimony would be confusing and incomplete. *Johnson*, 42 F.3d at 1316. Evidence of the home invasion provides context of the crime, is necessary for the full presentation of the case, and is probative with causal, temporal, and spatial connections to the bank fraud charge. *Masters*, 922 F.3d at 86; *Hardy*, 228 F.3d at 748.

While Defendant contends that Rule 104(b) prohibits evidence such as this since the United States has not introduced sufficient evidence that Defendant was associated with the invasion and assault, this Court finds the proposed testimony complies with Rule 104(b). "In determining whether the Government has introduced sufficient evidence to meet Rule 104(b), the trial court neither weighs credibility nor makes a finding that the Government has proved the conditional fact by a preponderance of the evidence. The court simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact…by a preponderance of the evidence." *Huddleston*, 485 U.S. at 690 citing, 21 C. Wright & K. Graham, Federal Practice and Procedure § 5054, p. 269 (1977). Given a trial court's "broadest discretion", this Court finds that in considering all evidence, a jury could reasonably find Defendant's involvement in the home invasion by a preponderance of the evidence. *Id*. at 691 citing, *Bourjaily v. United States*, 483 U.S. 171, 179–180, 107 S.Ct. 2775, 2781, 97 L.Ed.2d 144 (1987). Therefore, Defendant's Rule 104(b) argument fails.

Res gestae evidence is also subject to Rule 403 scrutiny. *Shirley*, 214 F.Supp.3d at 1158. Under Rule 403, unfair prejudice "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Tan*, 254 F.3d at 1211 citing, Fed.R.Evid. 403 advisory committee note. Furthermore, this Court has considerable discretion in performing a Rule 403 balancing test, which itself "is an extraordinary remedy and should be used sparingly." *Id*. citing,

*Rodriguez*, 192 F.3d at 949. The United States asserts that testimony surrounding the home invasion of Defendant's father-in-law provides unique probative value as to Defendant's possible involvement with the home invasion and the bank fraud charge. This Court agrees and finds that the proposed testimony has independent probative value that is not substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. The proposed testimony is highly probative of whether Defendant was involved in the home invasion and the factfinder's determination as to the bank fraud charge. Unfair prejudice cannot be equated with unfavorable testimony to a party and here, this Court does not see a potential that the proposed home invasion testimony could provoke an unfair emotional response wholly apart from the jury's judgment of guilt. *Rodriguez*, 192 F.3d at 951 citing, *United States v. Flanagan*, 34 F.3d 949, 953 (10th Cir.1994); *Roberts*, 88 F.3d at 880. As such, this Court does not find that the probative value of the proposed testimony is substantially outweighed by unfair prejudice. Fed.R.Evid. 403. Therefore, this Court finds that the evidence the Government seeks to admit is admissible as res gestae, satisfies Rule 403, and is therefore, admissible.[5]

Alternatively, the proposed home invasion testimony is admissible under Rule 404(b). Under the *Huddleston* test: (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the trial court must make a Rule 403 determination of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) pursuant to Fed. R. Evid. 105, the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted. *Zamora*, 222 F.3d at 762; *Roberts*,

---

[5] The limitations of Rule 404(b) do not apply to intrinsic, i.e., res gestae evidence, and therefore, a 404(b) analysis need not be conducted to determine admissibility as res gestae. *O'Brien*, 131 F.3d at 1432 citing, *Lambert*, 995 F.2d at (quoting *Williams*, 900 F.2d at 825).

185 F.3d at 1125; *Higgins*, 282 F.3d at 1274; *Hardwell*, 80 F.3d at 1488; *Huddleston*, 485 U.S. at 691–92.

The United States argues that under Rule 404(b), the proposed testimony serves the purposes of establishing identity, opportunity, plan, preparation, intent, motive, and absence of mistake – permitted uses of otherwise prohibited other crimes, wrongs, or acts. Doc. 85 at 11. Defendant contends the home invasion testimony is not admissible under Rule 404(b)(2). This Court agrees with the United States and finds that the proposed testimony is admissible under Rule 404(b)(2).

The Government first asserts that the proposed home invasion testimony is offered for the purpose of establishing identity, i.e., showing that the Defendant was the perpetrator of the bank fraud charge. This Court agrees and finds that the circumstances surrounding the home invasion are both critical to the factfinder's determination as to the charge of bank fraud and implicate Defendant. Because the Government does not have witnesses that can affirmatively identify Defendant as the home invader, identity is at issue, and therefore, the circumstantial evidence in question can assist the factfinder in establishing identity as pertaining to the bank fraud charge.[6] As this Court previously reasoned, such evidence is relevant, complies with Rule 403, is probative of identity, and the United States has precisely articulated the hypothesis by which consequential facts can be inferred. Therefore, this Court finds the proposed testimony admissible under Rule 404(b) as to identity.

The United States asserts the proposed home invasion testimony is critical in establishing motive – that Defendant committed bank fraud because of his gambling addiction. Doc. 85 at 11. This Court agrees. Under *Huddleston*, this Court finds the proposed home invasion testimony is offered for a proper purpose, namely, probative of the facts and circumstances surrounding the home invasion as they

---

[6] *See* Doc. 85 at 3. While Defendant is not on trial for home invasion in this Court, the bank fraud charge Defendant faces is allegedly tied to the home invasion, as Defendant's father-in-law purportedly issued the first $23,000 check during the home invasion. Therefore, proving identity is critical for a verdict on the bank fraud charge.

pertain to the bank fraud charge and Defendant's possible motive.  As this Court previously discussed, such evidence is relevant and complies with Rule 403.  The United States has precisely articulated the hypothesis by which consequential facts can be inferred from these acts.  *Holt*, No. 21-CR-205-JFH, 2022 WL 2359785 * 2, citing *Kendall*, 766 F.3d at 1436.  Therefore, this Court finds Defendant's gambling history is admissible under Rule 404(b) as to motive.

The Government next argues that the proposed testimony establishes Defendant's opportunity, plan, preparation, intent, and knowledge to commit bank fraud.  Doc. 85 at 11.  The United States has not further explained the evidentiary purpose of admission of the proposed testimony as related to opportunity, plan, preparation, intent, and knowledge.  *Youts*, 229 F.3d at 1317.  Rather, the Government has offered conclusory statements which alone are insufficient to prove that the proposed evidence is relevant to issues other than character.  *Dill*, 628 F. Supp. 3d at 1111-12.  While this Court has determined that the proposed testimony is both relevant and satisfies Rule 403, this Court finds the proposed testimony is not admissible under Rule 404(b) for lack of a proper purpose as to opportunity, plan, preparation, intent, and knowledge.

Lastly, the United States argues the proposed testimony establishes absence of mistake.  Specifically, Defendant may raise the claim that he deposited the $23,000 check signed by J.H. because he mistakenly believed J.H. authorized it.  Doc. 85 at 11.  Therefore, the details of the home invasion establish absence of mistake.  This Court disagrees.  "Often the absence of mistake or accident is proved on a notion of probability, i.e., how likely is it that the defendant would have made the same mistake or have been involved in the same fortuitous act on more than one occasion." *United States v. Wallen*, 376 F. Supp. 2d 1184, 1190-91 (D.N.M. 2005) citing, Charles A. Wright & Arthur R. Miller, 22 Federal Practice & Procedure § 5247: Absence of Mistake or Accident.  This Rule 404(b) exception "is limited to situations when a defendant claims to have made a mistake, such as when the accused admits to

touching [a] victim, but says it was accidental or by mistake." § 13:13. Other crimes, wrongs, or acts, Trial Handbook for New Mexico Lawyers § 13:13.  Defendant has not raised, nor does he intend to raise an absence of mistake defense.  Doc. 92 at 11.  While this Court has determined that the proposed testimony is both relevant and satisfies Rule 403, this Court cannot conclude that admission is proper under the Government's absence of mistake evidentiary hypothesis.  *Dill*, 628 F.Supp.3d at 1111-12.

In sum, this Court finds that under Rule 404(b)(2), the proposed testimony as to the home invasion of Defendant's father-in-law's house is admissible for the purposes of establishing motive and identity.  The evidence in question has been offered for a proper purpose, is relevant, and complies with Rule 403.  Therefore, alternatively, the proposed testimony is admissible under Rule 404(b)(2).

## CONCLUSION

**IT IS THEREFORE ORDERED** that the Government's proposed evidence of Defendant's gambling history as referenced in Document 61-2 and the proposed testimony regarding the home invasion of Defendant's father-in-law's house are admissible as res gestae evidence and pursuant to Federal Rules of Evidence 401, 403, and 404(b).  Therefore, Defendant's objection is **OVERRULED**.

The United States has stated it will not oppose a request for appropriate limiting instructions. This Court instructs the parties to discuss appropriate limiting instructions and submit proposal(s) to this Court no later than **January 19, 2024**.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE