IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.        1:22-cr-00767-KWR-1

MARC CANDELARIA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on United States' Second Notice to Admit Evidence Regarding Defendant's Debt History as Res Gestae and Pursuant to Federal Rules of Evidence 401, 403, 404(b), and 801(d)(2). Doc. 96. Having considered the briefings and relevant law, the Court finds Defendant's objection is not well-taken, and therefore, is **OVERRULED**.

## BACKGROUND

Defendant Marc Candelaria was indicted on a two count Indictment for bank robbery in violation of 18 U.S.C. §2113(a) and bank fraud in violation of 18 U.S.C. §1344(2).

On January 18, 2024, the Government filed a Second Notice to Admit Evidence Regarding Defendant's Debt History as Res Gestae and Pursuant to Federal Rules of Evidence 401, 403, 404(b), and 801(D)(2). Doc. 96. Defendant asks this Court to deny the relief requested in the United States' brief.

## LEGAL STANDARD

Federal Rule of Evidence 401 states, "[e]vidence is relevant if: (a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in

determining the action." Fed.R.Evid. 401.  Under Rule 401, a fact is of consequence when its existence provides a factfinder with a basis to provide an inference or chain of inferences about an issue necessary to a verdict.  *United States v. Mendoza-Salgado*, 964 F.2d 993, 1006 (10th Cir. 1992).

Res gestae evidence is "those other acts that are inextricably intertwined with the charged offense or those acts, the telling of which is necessary to complete the story of the charged offense." *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000); *see United States v. McVeigh*, 153 F.3d 1166, 1203 (10th Cir. 1998), disapproved of on other grounds by *Hooks v. Ward*, 184 F.3d 1206 (10th Cir. 1999).  The Sixth Circuit in *Hardy* explained:

> Proper background evidence has a causal, temporal or spatial connection with the charged offense. Typically, such evidence is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense.

228 F.3d at 748.[1]  The Tenth Circuit has stated that "[e]vidence of other crimes should not be suppressed when those facts come in as res gestae – as part and parcel of the proof of the offense[] charged in the indictment."  *United States v. Shirley*, 214 F. Supp. 3d 1124, 1149 (D.N.M. 2016) citing, *United States v. Kimball*, 73 F.3d 269, 272 (10th Cir. 1995).  Res gestae evidence is permitted "when it provides the context for the crime, is necessary to a full presentation of the case, or is appropriate in order to complete the story of the crime on trial by providing its immediate context or the res gestae.  *Kimball*, 73 F.3d at 272.

---

[1] Several instances in which this Court has previously admitted evidence as res gestae include, *Wilson v. Jara*, 2011 WL 6739166, 2011 U.S. Dist. LEXIS 147752 at *8 (in the course of alleged unlawful arrest, a plaintiff spat on and touched defendant police officers); *United States v. Ganadonegro*, 2011 WL 3957549, 2011 U.S. Dist. LEXIS 101548, at *1 (D.N.M. 2011) (evidence that a defendant, accused of the death of a child, called a family member several times to complain about child crying); *United States v. Zuni*, 2006 WL 4109664, 2006 U.S. Dist. LEXIS 95621, at *2-3 (D.N.M. 2006) (an alleged kidnapping and rape occurred after a defendant had a dispute with victim's children, which escalated into violence).  In these instances, this Court determined the res gestae evidence and the provided background information were useful to paint a picture or describe context and not that a defendant acted in conformity with previous conduct, but rather to establish a spatial, causal, and temporal connection with the charged offenses.  *Id*.

Under Federal Rule of Evidence 404(b), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." However, under Rule 404(b)(2), "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed.R.Evid. 404.

"In other words, one cannot present evidence the relevance of which is based on the forbidden inference: the person did X in the past, therefore he probably has a propensity for doing X, and therefore he probably did X this time, too." *Jara*, 2011 WL 6739166, at *5. To determine whether evidence is admissible under Rule 404(b)(2), the *Huddleston* test applies: (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the trial court must make a Rule 403 determination of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) pursuant to Fed. R. Evid. 105, the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted. *United States v. Zamora*, 222 F.3d 756, 762 (10th Cir. 2000)(Ebel, J.)(citing *United States v. Roberts*, 185 F.3d 1125 (10th Cir. 1999)(Porfilio, J.)). *See United States v. Higgins*, 282 F.3d 1261, 1274 (10th Cir. 2002)(Holloway, J.); *United States v. Hardwell*, 80 F.3d 1471, 1488 (10th Cir. 1996)(Briscoe, J.)(citing *Huddleston v. United States*, 485 U.S. at 691–92, 108 S.Ct. 1496).

Under Federal Rule of Evidence 801(d)(2), an opposing party's statement is admissible as hearsay if, "[t]he statement is offered against an opposing party and: (A) was made by the party in an individual or representative capacity." Fed.R.Evid. 801(d)(2)(A).

## ANALYSIS

Defendant objects to the United States' notice to admit as evidence Mr. Candelaria's debt history via information in a 2021 U.S. Department of Energy financial questionnaire containing his alleged

3

financial debts. *See* Doc. 96, Ex. 1. This Court concludes that the Government's proposed evidence is admissible as res gestae and pursuant to Federal Rules of Evidence 401, 403, 404(b), and 801(d)(2)(A). Therefore, Defendant's objection is **OVERRULED**.

    **I.**    **Defendant's Debt History in Exhibit 1 is Admissible as Res Gestae**

The United States contends that evidence of Defendant's debt history as outlined in Exhibit 1 are intrinsic and inextricably intertwined to the crimes Defendant is charged with and therefore, admissible as res gestae. *United States v. O'Brien*, 131 F.3d 1428, 1432 (10th Cir. 1997); *United States v. Lambert*, 995 F.2d 1006, 1007 (10th Cir. 1993) (quoting *United States v. Williams*, 900 F.3d 823, 825 (5th Cir. 1990)); *United States v. McVeigh*, 153 F.3d 1166 (10th Cir. 1999). The United States argues that evidence in the form of a U.S. Department of Energy questionnaire administered to Defendant during his employment regarding his financial debts prior to the crimes charged provides context and background information that the factfinder needs to know to fairly consider and understand the crimes charged. Doc. 96 at 4. Without such evidence, officers could not explain investigatory motives, nor would the investigation make sense without context. *Id*.

Defendant contends that the proposed evidence does not fall within res gestae. Evidence in discovery does not suggest that investigators began their work based on information in the Department of Energy questionnaire. *Id*. Nor is such evidence intrinsic to the charged offenses and necessary to provide context. *Id*. Since the evidence is not a "necessary preliminary to the crime[s] charged," this evidence should be excluded. *Id*. at 5 citing, *United States v. Vaughn*, 2009 WL 3807084, at *11 (D. Kan. Nov. 12, 2009).

Relevant evidence is admissible at trial. Fed.R.Evid. 401. Evidence is relevant if it has a "tendency to make the existence of any fact more probable or less probable than it would be without the evidence." *United States v. Gutierrez–Castro*, 2011 WL 3503321, at *3, 2011 U.S. Dist. LEXIS 88440,

4

at *3.  Under Rule 401, a fact is of consequence when its existence provides a factfinder with a basis to provide an inference or chain of inferences about an issue necessary to a verdict.  *Mendoza-Salgado*, 964 F.2d at 1006.  Applying this standard, this Court finds the evidence the Government seeks to admit – Defendant's 2021 Department of Energy financial questionnaire in Exhibit 1 – is relevant.  Here, Defendant's debt history in the months preceding the charged crimes of bank robbery and bank fraud is probative of establishing Defendant's possible motive.  Defendant's financial picture and specifically his debt history make the existence of any fact more or less probable than without the evidence.  *Gutierrez-Castro*, 2011 WL 3503321, at *3.  Furthermore, the questionnaire at issue has been used by the United States' handwriting expert for forensics analysis of the purported bank robbery note.  This Court has previously determined that such forensics analysis is relevant.  Doc. 81 at 15.  Therefore, the proposed evidence is of consequence to the factfinder regarding issues necessary for a verdict, and this Court finds the evidence in question relevant.

      The United States' argument that Defendant's debt history as contained in Exhibit 1 is admissible as res gestae is well taken.  This Court finds evidence of Defendant's debt history preceding the charged crimes is admissible as it is inextricably intertwined with, integral to, and necessary for the jury to understand the evidence related to the bank robbery and bank fraud charges.  While debt itself is not an integral part of or intrinsic to the crimes charged, losses and debts as they pertain to proving a defendant's motive where the question is cash flow is relevant, have an extensive record of being admissible as res gestae.  *Ellington*, No. 07 CR 846, 2009 WL 1309525, citing *United States v. Mobley*, 193 F.3d 492, 495–96 (7th Cir.1999); *see also Morant*, 98 Fed. Appx. at 564  (gambling losses admissible to prove motive for bank robbery); cf. *Swan*, 250 F.3d at 501.  Related to the crimes of bank fraud and bank robbery, Defendant's debt history and cashflow immediately preceding the alleged crimes, as they pertain to Defendant's extensive gambling history and potential losses, are inextricably

5

intertwined. This Court has previously ruled that Defendant's gambling history and losses are admissible as res gestae. Doc. 94. The Government has asserted that Defendant's debt in Exhibit 1 explains his possible gambling addiction, provides context for the crimes, and is necessary for a full presentation of this case to the jury. Doc. 96 at 6. This Court agrees. Without admission of the proposed debt history evidence, witness testimony regarding solely Defendant's extensive gambling history would be incomplete and confusing. *United States v. Johnson*, 42 F.3d 1312, 1316 (10th Cir. 1994); *United States v. Parker*, 553 F.3d 1309, 1314 (10th Cir. 2009). Defendant's debt history in the months preceding the alleged crimes in conjunction with Defendant's extensive gambling history and losses provide context for the crimes and are necessary for a full presentation of this case to the jury. *Kimball*, 73 F.3d at 272. In addition to the probative value, this Court also finds the proposed background evidence has causal, temporal, and spatial connections to the charged offenses. *Hardy*, 228 F.3d at 748.

To be admissible, res gestae evidence is subject to Rule 403 scrutiny. *Shirley*, 214 F.Supp.3d at 1158. Under Rule 403, unfair prejudice "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Tan*, 254 F.3d 1204, 1211 (10th Cir. 2001) citing, Fed.R.Evid. 403 advisory committee note. Furthermore, this Court has considerable discretion in performing a Rule 403 balancing test, which itself "is an extraordinary remedy and should be used sparingly." *Id*. citing, *United States v. Rodriguez*, 192 F.3d 946, 949 (10th Cir.1999). The United States argues that Defendant's debt has probative value in establishing motive that is not outweighed by a risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Doc. 96 at 6. Debt is common and does not stir an emotional response or one that is likely to confuse or mislead the jury. Doc. 96 at 6. Defendant has not demonstrated that unfair prejudice substantially outweighs its probative value as

6

required by Rule 403. Nor has Defendant demonstrated that limiting instructions would be inadequate in addressing any potential Rule 403 concerns. Therefore, this Court finds that the evidence the Government seeks to admit is admissible as res gestae, satisfies Rule 403, and is therefore, admissible.[2]

## II.     Alternatively, Evidence is Admissible under Rule 404(b)

Alternatively, the proposed evidence of Defendant's debt history is admissible under Rule 404(b). Under the *Huddleston* test: (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the trial court must make a Rule 403 determination of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) pursuant to Fed. R. Evid. 105, the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted. *Zamora*, 222 F.3d at 762; *Roberts*, 185 F.3d at 1125; *Higgins*, 282 F.3d at 1274; *Hardwell*, 80 F.3d at 1488; *Huddleston*, 485 U.S. at 691–92.

The United States argues that under Rule 404(b), the debt history evidence establishes motive and identity – permitted uses of otherwise prohibited other crimes, wrongs, or acts. Doc. 96 at 7. Defendant contends that evidence of his debts bears no relation to the September and October 2021 charged crimes without evidence that these debts remained unresolved immediately prior to the charged offenses. Doc. 101 at 6. Without this showing, the proposed evidence does not establish motive nor is it probative of identity. *Id*. This Court agrees with the United States and finds that the proposed evidence of Defendant's debt history is admissible under Rule 404(b).

Defendant's debt history from 2021 as shown in Exhibit 1 is admissible for the purposes of establishing motive as to the charges of bank fraud and bank robbery. As the Government argues and

---

[2] The limitations of Rule 404(b) do not apply to intrinsic, i.e., res gestae evidence, and therefore, a 404(b) analysis need not be conducted to determine admissibility as res gestae. *O'Brien*, 131 F.3d at 1432 citing, *Lambert*, 995 F.2d at 1007 (quoting *Williams*, 900 F.2d at 825).

this Court agrees, "[t]he defendant's debt is highly probative of his motive as to the crimes charged. The defendant was motivated to commit the charged crimes to resolve his debt." Doc. 96 at 7.  Under *Huddleston*, this Court finds Defendant's debt history is offered for a proper purpose, namely probative of Defendant's motive for committing the charged crimes.  As this Court previously discussed, such evidence is relevant and complies with Rule 403.  Defendant's debt history in 2021 in the months prior to the events in question is highly probative of Defendant's potential motive for the charged offenses. The United States has precisely articulated the hypothesis by which consequential facts can be inferred from these acts.  *United States v. Holt*, No. 21-CR-205-JFH, 2022 WL 2359785 * 2 (E.D. Okla. June 30, 2022), citing *Kendall*, 766 F.3d at 1436.  Therefore, this Court finds Defendant's debt history is admissible under Rule 404(b) as to motive.

       The United States also asserts that Defendant's debt history is admissible for the purposes of identity.  The Government argues that it does not have witnesses who can affirmatively identify Defendant as the bank robber and must therefore, rely on circumstantial evidence.  Doc. 96 at 7. Defendant's debt history makes it more likely that he committed the crimes charged for money.  *Id*. This Court agrees.  Defendant's debt history is probative of motive for the charged crimes, including identification of the bank robber in question.  Furthermore, as it relates to the purported handwritten bank robbery note found in Defendant's vehicle, this Court has previously ruled the note and forensic handwriting analysis testimony admissible.  *See* Docs. 81 and 93.  The forensic handwriting analysis of the purported bank robbery note involves comparison with the Department of Energy financial questionnaire at issue here to identify Defendant as the author.  Doc. 96 at 5.  Therefore, the questionnaire at issue here is also probative of identity as it relates to the author of the bank robbery note.  As this Court previously reasoned, such evidence is relevant, complies with Rule 403, is probative of identity, and the United States has precisely articulated the hypothesis by which consequential facts

8

can be inferred. Therefore, this Court finds Defendant's debt history admissible under Rule 404(b) as to identity.

### III.     Alternatively, Evidence is Admissible under Rule 801(d)(2)(A)

Alternatively, the proposed evidence of Defendant's debt history is admissible as the statement of a party-opponent under Rule 801(d)(2)(A). Under Fed.R.Evid. 801(d)(2)(A), an opposing party's statement made by a party in an individual or representative capacity and offered against that party is admissible as non-hearsay. The United States asserts that the Department of Energy financial questionnaire is the admission of a party-opponent under Rule 801(d)(2)(A). This Court agrees.

"The United States Court of Appeals for the Tenth Circuit has stated that proponents of such evidence 'need only show by a preponderance of the evidence that the opposing party had made the statement.' " *United States v. Shirley*, No. CR 15-1285 JB, 2016 WL 9021832, at *7 (D.N.M. Dec. 21, 2016)(Browning, J.)(citing *United States v. Brinson*, 772 F.3d 1314, 1320 (10th Cir. 2014)); *United States v. Lang*, 364 F.3d 1210, 1222 (10th Cir.2004), vacated on other grounds, 543 U.S. 1108, 125 S.Ct. 986, 160 L.Ed.2d 1034 (2005).

The United States contends that Defendant completed the financial disclosure form in his individual capacity in the course of his employment and has attested to it as true through his signature. Doc. 96 at 8; Ex. 1 at 12. The United States further argues it intends to produce at trial the witnesses who prepared the questionnaire and administered it to Defendant. Doc. 96 at 9. Defendant has not contested the United States' argument for admissibility under Rule 801(d)(2)(A) nor the document's authenticity.

Therefore, this Court finds that pending authentication of the proposed exhibit and establishing Defendant as the author by a preponderance of the evidence, Government's proposed exhibit is

admissible under Rule 801(d)(2)(A).  See *Brinson*, 772 F.3d at 1320-21; *Bourjaily v. United States*, 483 U.S. 171, 175, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987).

## CONCLUSION

**IT IS THEREFORE ORDERED** that the Government's proposed evidence of Defendant's debt history as referenced in Document 96, Exhibit 1 is admissible as res gestae evidence and pursuant to Federal Rules of Evidence 401, 403, 404(b), and 801(d)(2)(A).  Therefore, Defendant's objection is **OVERRULED**.

The United States has stated it will not oppose a request for appropriate limiting instructions. This Court instructs the parties to discuss appropriate limiting instructions and submit proposal(s) to this Court no later than **March 1, 2024**.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE