IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                      No. CR 1:22-767 KWR

MARC CANDELARIA,

    Defendant.

## ORDER SETTING FIRM TRIAL DATE FOR COUNT 2 AND PRETRIAL DEADLINES

**THIS MATTER** is before the Court after holding a Scheduling Conference on February 28, 2024. Defendant filed his motion and the government opposed his request to sever the two counts in this matter. (Doc. 102). The government filed its response on February 20, 2024. (Doc. 109). In its response, the government stated: "After careful review of Defendant's Motion, the United States' superseding indictment (Doc. 79, 102), and case law addressing this question, the United States agrees that severance is appropriate and does not object to prosecuting Defendant in two separate trials." (Doc. 109). The Court determined that the defendant's motion to sever is now unopposed. The Court entered an Order Granting Defendant's Motion to Sever Counts (Doc. 112).

The Court finds an ends-of-justice continuance under 18 U.S.C. §3161(h)(7) appropriate for reasons as indicated in the United States' Response to Defendant's Motion for Severance of Counts, wherein the United States agrees that severance is appropriate and does not object to prosecuting Defendant in two separate trials. The United States further requested this Court schedule the two counts based on their chronological dates of incident, such that the Bank Fraud offense (Count 1) be tried first, with the Bank Robbery (Count 2) to follow. The United States further asks this Court to consider that AUSA Samuel A. Hurtado is undergoing surgery on April 15, 2024 and will need

time to recover through April 29, 2024; and that AUSA Natasha Moghadam is set to be in trial for approximately one week, starting on May 20, 2024. As such, the United States respectfully requested that the Court schedule the Bank Robbery trial sometime after May 2024. Based on the record created by the parties, it is apparent that the severed trial on Count 2 cannot begin earlier than May 13, 2024.  This case was set and ready for trial on both counts for March 25, 2024.  Upon Defendant's motion, trial on counts 1 and 2 was severed.  The United States established in its response to the motion to sever (Doc. 109 at 2) that setting trial on Count 2 earlier than May 2024 would unreasonably deprive the Government of continuity of counsel and deny the parties reasonable time necessary for effective preparation. 18 U.S.C. §3161(h)(7)(B)(iv). The failure to grant a continuance would make a continuation of trial impossible, and result in a miscarriage of justice 18 U.S.C. §3161(h)(7)(B)(i).  The Court finds that further, pursuant to the relevant factors under 18 U.S.C. §3161(h)(7)(B)(i-iv) all the time from the filing of the motion until the beginning of jury selection on Count 2 in this matter shall be excluded for the purposes of the Speedy Trial Act.

**IT IS THEREFORE ORDERED** that Jury Selection and Trial on Count 2 of the Indictment 18:2113(a): Bank Robbery will commence on **May 13, 2024** at the United States Courthouse, 333 Lomas Blvd., NW, Bonito Courtroom, before Judge Kea W. Riggs in Albuquerque, New Mexico.  A Pretrial Conference is set on **May 7, 2024, at 9:00 a.m.**

**IT IS FURTHER ORDERED** that pursuant to 18 U.S.C. §3161(h)(7)(A), the Court finds that the ends of justice served by continuing trial on Count 2 as a result of granting the severance of Counts 1 and 2 for trial purposes outweigh the best interest of the public and the defendant in a speedy trial.

**IT IS FINALLY ORDERED** that counsel shall adhere to the instructions and case management deadlines as set forth in the following attachment, "Preparation for Criminal Trial"

(includes guidelines for preparation of proposed jury instructions, JERS Informational Letter, and JERS link).

    **IT IS SO ORDERED.**

                                                **KEA W. RIGGS**
                                                **UNITED STATES DISTRICT JUDGE**

**PLEASE REFER TO THE FOLLOWING
ATTACHMENTS FOR ADDITIONAL DEADLINES AND INFORMATION**:

"Preparation for Criminal Trial" (includes guidelines for preparation of proposed jury instructions, and a link to JERS procedures).

**OTHER INSTRUCTIONS/MOTION TO CONTINUE TRIAL DEADLINE**:

**Motions for continuance in criminal cases must be filed in accordance with 18 U.S.C. § 3161(h)(7)(A), specifically setting forth the factual grounds justifying the continuance under the statute. In cases involving multiple defendants, counsel must file a joint motion for continuance with all counsel approving said motion. MOTIONS TO CONTINUE MUST COMPLY WITH THE SPECIFIC REQUIREMENTS SET FORTH IN *UNITED STATES V. TOOMBS*, 574 F.3D 1262 (10TH CIR. 2009). THE MOTION "MUST CONTAIN AN EXPLANATION OF WHY THE MERE OCCURRENCE OF THE EVENT IDENTIFIED BY THE PARTY AS NECESSITATING THE CONTINUANCE RESULTS IN THE NEED FOR ADDITIONAL TIME." *ID.* AT 1271. MOTIONS CONTAINING SHORT, CONCLUSORY STATEMENTS REGARDING THE REASON A CONTINUANCE IS REQUESTED ARE INSUFFICIENT UNDER *TOOMBS* AND WILL BE SUMMARILY DENIED BY THE COURT.**

**TRAILING TRIAL DOCKET**:

Counsel are referred to the trailing docket of cases as they appear for jury/selection trial on the Public Court Calendar for May 2024. The order in which cases appear on the Court Calendar does not necessarily reflect the order in which cases will be tried.