IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                   Case No. 1:22-cr-00767-KWR-1

MARC CANDELARIA,

    Defendant.

### MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon the Defendant's Unopposed Motion in Limine to Exclude Privileged Communications (Doc. 131) and the United States' Unopposed Motion in Limine Seeking a Pretrial Ruling Limiting the Defendant's Cross-Examination of a Government Witness (Doc. 133). For the reasons stated herein and having reviewed the parties' pleadings and the applicable law, the Court finds both motions are well-taken and therefore, **GRANTED**.

On December 7, 2023, this Court issued an order granting in part the United States' motion for a pretrial ruling preventing Defendant from asserting the marital communications privilege at trial (Doc. 86). In its amended notice, the United States outlined expected testimony from Defendant's ex-wife, M.H., and Defendant asserts this Court's legal analysis in its order on marital privilege applies to all privileged communications between Defendant and M.H. *See* Docs. 85 and 86. This Court agrees that the communications Defendant outlines in Doc. 131, if true, were made while the two were married and are therefore privileged. The United States does not oppose Defendant's motion to preclude it from introducing additional privileged marital communications at trial.

On January 18, 2024, the United States filed notice to admit evidence of a United States Department of Energy questionnaire administered to Defendant regarding his financial debts. Doc. 96.  This Court ruled such evidence was admissible as res gestae and pursuant to Federal Rules of Evidence 401, 403, 404(b), and 801(d)(2)(A) pending authentication.  Doc. 113.  Therefore, the United States intends to call Vanessa Vasquez at trial concerning the questionnaire.  Doc. 133.

On March 4, 2024, the United States filed an unopposed motion in limine seeking a pretrial ruling limiting Defendant's cross-examination of Government witness Vanessa Vasquez. Doc. 133.  The United States requests that this Court order Defendant to refrain from asking Ms. Vasquez questions on cross-examination regarding the merits of adjudication for Defendant's Q-clearance.  Specifically, the United States requests that Defendant refrain from asking, "1) why the defendant was granted a Q-clearance; 2) the assessment that took place to determine whether the defendant would be granted or denied a Q-clearance; or 3) testimony that would allow the Court or jury to second-guess the agency's judgment to grant or deny the defendant's Q-clearance."  Doc. 133.  This Court agrees with the United States and finds such questioning of Ms. Vasquez would be impermissible as external reviews, including judicial reviews, of an agency's security clearance outcomes are prohibited.  *Duane v. U.S. Dept. of Defense*, 275 F.3d 988, 993 (10th Cir. 2002); *Dept. of Navy v. Egan*, 484 U.S. 518, 529 (1988); *Sanchez v. United States Dep't of Energy*, 870 F.3d 1185 (10th Cir. 2017); *Hill v. Dep't of Air Force*, 844 F.2d 1407 (10th Cir. 1988).  Questions, such as those outlined by the United States, that would elicit specific details behind the agency's security clearance determination, would lead to impermissible testimony.

**IT IS THEREFORE ORDERED** that Defendant's Unopposed Motion in Limine to Exclude Privileged Communications (Doc. 131) and the United States' Unopposed Motion in Limine Seeking a Pretrial Ruling Limiting the Defendant's Cross-Examination of a Government Witness (Doc. 133) are **GRANTED**.

**IT IS FURTHER ORDERED** that if the United States seeks to present other communications that may be subject to the marital communications privilege, it is instructed to first present the evidence to the Court outside the presence of the jury for a ruling.

**IT IS FINALLY ORDERED** that Defendant is precluded from eliciting testimony from Government witness Vanessa Vasquez that is in noncompliance with this order.

       /S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE