<pre>
 1              IN THE UNITED STATES DISTRICT COURT

 2              FOR THE DISTRICT OF NEW MEXICO

 3    _____
                                  )
 4    UNITED STATES OF AMERICA,   )    No. 1:22-cr-00767-KWR
                                  )
 5              Plaintiff,        )
                                  )
 6         vs.                    )    Pecos Courtroom
                                  )    Albuquerque, New Mexico
 7    MARC CANDELARIA,            )
                                  )    March 13, 2024
 8              Defendant.        )    8:59 a.m.
      _____)

 9

10                 TRANSCRIPT OF PROCEEDINGS
                        PRETRIAL CONFERENCE
11            BEFORE THE HONORABLE KEA W. RIGGS
                   UNITED STATES DISTRICT JUDGE
12

13    APPEARANCES:

14    For the Plaintiff:   SAMUEL A. HURTADO, ESQ.
                           NATASHA MOGHADAM, ESQ.
15                         Assistant United States Attorney
                           201 Third Street NW, Suite 900
16                         Albuquerque, New Mexico  87102

17

      For the Defendant:   BUCK T. GLANZ, ESQ.
18                         EMILY P. CAREY, ESQ.
                           Federal Public Defender
19                         111 Lomas Boulevard NW, Suite 501
                           Albuquerque, New Mexico  87102
20

21    REPORTED BY:         ANDREA M. LYNCH, RPR, NM CCR #127
                           United States Court Reporter
22                         333 Lomas Boulevard Northwest
                           Albuquerque, New Mexico  87102
23                         Phone:  (505) 348-2093
                           Email:  Andrea_Lynch@nmd.uscourts.gov
24

          Proceedings recorded by mechanical stenography; transcript
25    produced by Computer-Aided Transcription.
</pre>

<u>March 13, 2024</u>

1

2    (In open court at 8:59 a.m.)

3         THE COURT:  Mr. Candelaria, I just called the case and

4    your attorneys are in the courtroom, and the United States also

5    announced their appearance for trial.

6         All right.  Counsel, we are set for trial to begin on

7    the 25th.  Your first surprise of the morning is that there are

8    three trials that day.  One of them -- well, you-all probably

9    know that too from people in your office, but one of them is

10   bringing in a double panel, and we have all conferred -- and I

11   don't know whether we drew the short straw or the long straw,

12   but we are delaying -- we are not starting until one o'clock on

13   Monday.  The other two are going to start that morning, but we

14   will start promptly at one o'clock.  I hope that doesn't cause

15   anybody any problems.  I know you'll have to adjust some

16   things.  And I guess my question about that is -- I've looked

17   at your trial schedule.  I appreciate that.

18        Is that going to push us into Thursday, then?

19        MR. HURTADO:  I imagine it would, Your Honor, given

20   that the United States had allocated the entire morning for

21   purposes of jury selection.  So naturally that would bump

22   forward all the other events that the United States had planned

23   as far the witnesses and testimony.

24        THE COURT:  All right.  Thank you.  That's kind of

25   what it looked like.

1          Do you agree with that, Mr. Glanz?

2          MR. GLANZ:  I think out of an abundance of caution,

3    yes, Your Honor.

4          THE COURT:  All right.  Thank you.  I just never want

5    to be dishonest with the jury panel.

6          All right.  That being said, let's get started.  I

7    don't believe that there are any outstanding motions.  I

8    believe those have all been dealt with at this point.  We

9    haven't received -- we've received the proposed voir dire.

10   Have we decided on a time?  I usually give 20 minutes for voir

11   dire after I do the initial questioning.

12          Does that work for the United States?

13          MR. HURTADO:  Yes, ma'am.  20 minutes is fine.

14          THE COURT:  Does that work for defense?

15          MR. GLANZ:  Yes.  Thank you.

16          THE COURT:  All right.  Thank you.

17          I don't see any objections to either side.

18          I've received the statement of the case.  I believe

19   both of you-all have -- or most of you-all have been in trial

20   with me.  Any questions about the Court's process for

21   questioning the venire panel?

22          MR. HURTADO:  No, ma'am.

23          MR. GLANZ:  No, Your Honor.

24          THE COURT:  All right.  Thank you.

25          Also, you-all are aware of my jury selection process.

1          Any question about that on behalf of the United

2   States?

3          MR. HURTADO:  No, ma'am, Your Honor.

4          THE COURT:  Anything from the defense?

5          MR. GLANZ:  No, Your Honor.

6          THE COURT:  My inclination -- because I have been

7   losing jury members lately -- is to have two alternates for

8   this matter.

9          Does that work for the United States?

10          MR. HURTADO:  Yes, ma'am.

11          THE COURT:  Does that work for defense?

12          MR. GLANZ:  Yes, it does, Your Honor.

13          THE COURT:  All right.

14          Mr. Candelaria, you will be coming in -- I don't need

15   for you to say anything, but I need to make sure that you are

16   dressed appropriately.  You can work with your attorney to do

17   that.

18          Counsel, we start -- I'd like you-all in your seats

19   ready to go at 8:30 in the morning.  I have the jury panel come

20   back by 8:30.  I like you-all here at 8:30 so that if there are

21   any issues we need to take up before we bring them in, I like

22   to start promptly at nine o'clock.

23          Objections.  I feel like most of those can happen from

24   the floor, unless it's something that might taint the jury

25   panel, then I have no problem with you-all asking to approach

1    the bench, and we can deal with those at the bench.  Remind me,
2    we need to speak into this little speaker on the bench;
3    otherwise, I get the eyes from my court reporter, and we want
4    to make sure that we have a clear record.
5         I do take a break in the morning.  I see that you-all
6    worked that into your schedule, and I take a break in the
7    afternoon.  If we need to a take a break to deal with an issue
8    outside of the presence of the jury, we can also do that.
9         I do see that there is a stipulation that you-all have
10   come to regarding Wells Fargo's status as a member of the FDIC.
11   When would you-all like that read?
12        MR. HURTADO:  Your Honor, the Government had intended
13   to admit that stipulation as Government Exhibit 3 during its
14   case in chief.  The Government's intention was to have an
15   officer involved in the investigation testify, take the witness
16   stand, and then at some point during the direct examination by
17   the United States, I would have that witness then read into the
18   record and admit Government's Exhibit 3, if that's acceptable
19   to the Court.
20        THE COURT:  That's fine with the Court.
21        Mr. Glanz, any objection to that method?
22        MR. GLANZ:  No, Your Honor.
23        THE COURT:  All right.  Thank you.
24        We got, I believe, the first proposed -- the Court's
25   first proposed set of jury instructions back to you-all

1    yesterday, with a date for you-all to respond.  Counsel,

2    you-all -- I think we have jurors' discs also.  You-all have

3    worked very hard and met all the deadlines.  I really

4    appreciate it.  This case is ready for trial, it looks like to

5    me.

6              Mr. Hurtado, are there any issues we need to take up

7    this morning?

8              MR. HURTADO:  Yes, Your Honor.  If I may approach?

9              THE COURT:  Absolutely.

10             MR. HURTADO:  I just wanted to inquire with the Court

11    with respect to when the juror questionnaires would be made

12    available to the parties?

13             THE COURT:  It's usually the Monday before trial.

14             Is that correct?

15             COURTROOM DEPUTY:  It is.  It's the Monday before

16    trial.

17             MR. HURTADO:  Would that be the 18th?

18             THE COURT:  Yes.

19             MR. HURTADO:  And then the other issue I just wanted

20    to raise with the Court is something that I raised yesterday

21    with defense counsel.  The United States may -- emphasis on the

22    word "may" -- be amending its witness list to include one

23    additional witness.  I do not anticipate that that additional

24    witness will add too much more time to the already-filed trial

25    schedule.  The United States intends to no longer call one of

1  the other witnesses who was identified by the initials of

2  "M.D." on the trial schedule.

3         So if the United States ends up filing its amended

4  witness list, the United States anticipates adding one witness

5  who will replace witness M.D.  So I don't anticipate that that

6  additional witness, again, would add or extend the trial

7  schedule that's already been filed and proposed.

8         I did advise counsel that the United States may be

9  amending its witness list.  Upon information and belief,

10  defense counsel does not object.

11         THE COURT:  All right.  Thank you.  And M.D., I

12  believe, is Megan Duffy.  So even if you do not call this

13  additional person, you will not be calling her?

14         MR. HURTADO:  That's correct.  No matter what happens,

15  M.D. will no longer be called as a witness, yes, ma'am.

16         THE COURT:  All right.  Thank you.

17         Mr. Glanz, any response?

18         MR. GLANZ:  No, Your Honor.  Only that we have

19  reviewed their amended witness list and proposed trial schedule

20  and we concur.  We have no objections.

21         THE COURT:  All right.  Thank you.

22         Anything further that we need to take up this morning

23  on behalf of the United States?

24         MR. HURTADO:  I apologize, Your Honor.  I have one

25  more matter of clarification.  So as I understand matters, the

1    trial will begin as scheduled on March 25th, Monday.  It will

2    begin at 1:00 p.m., but the Court wants the parties to be here

3    at 8:30 a.m.?

4            THE COURT:  No.  I'm sorry.  I don't need for you to

5    be here at 8:30.

6            MR. HURTADO:  Okay.  I thought I heard 8:30, so I --

7            THE COURT:  You did.  When I start trial at -- in the

8    morning like I normally do.  The next morning, on Tuesday

9    morning, I'd like you here at 8:30.

10           MR. HURTADO:  Yes, ma'am.  Got it.

11           THE COURT:  I think being here perhaps 12:30 on

12   Monday --

13           MR. HURTADO:  Yes, ma'am.

14           THE COURT:  -- would -- because we'll have the jury

15   panel coming in all during the lunch hour.  It's going to be

16   busy here, ladies and gentlemen, just so you know for parking

17   purposes or whatever.

18           And you might warn Mr. Candelaria if he's not coming

19   over with you.

20           So if you'll be here at 12:30 on Monday.  And thank

21   you for clarifying that, Mr. Hurtado.

22           MR. HURTADO:  Yes, ma'am.

23           THE COURT:  Mr. Glanz, on behalf of defense?

24           MR. GLANZ:  I would only just inform the Court and the

25   Government that while we did file a witness list, I think it's

1 | likely that we'll be able to elicit most of the testimony we
2 | need on cross-examination.  So it's possible we don't have to
3 | call those people.  We just filed that list out of an abundance
4 | of caution, and I don't think it would extend the trial if we
5 | did call any of those witnesses.  So I think we'll stay within
6 | the existing schedule.
7 |        THE COURT:  All right.  Thank you.  I appreciate that.
8 |        Well, Counsel, if nothing else, I guess I will see you
9 | at 12:30 on the 25th, and we'll be in recess for today.  Thank
10 | you.  Have a good day.
11 |        MR. HURTADO:  Yes, ma'am.
12 |        MR. GLANZ:  Thank you, Your Honor.
13 |        THE COURT:  Thank you, Mr. Candelaria.  You are free
14 | to go, sir.
15 |    (Proceedings adjourned at 9:08 a.m.)
16 |                  * * * * *
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |

1          IN THE UNITED STATES DISTRICT COURT

2            FOR THE DISTRICT OF NEW MEXICO

3    _____
                                   )
4    UNITED STATES OF AMERICA,      )      No. 1:22-cr-00767-KWR
                                   )
5              Plaintiff,           )
                                   )
6         vs.                       )
                                   )
7    MARC CANDELARIA,               )
                                   )
8              Defendant.           )
     _____)

9

10          CERTIFICATE OF OFFICIAL COURT REPORTER

11        I, Andrea M. Lynch, RPR, New Mexico CCR #127, Federal

12   Official Court Reporter, in and for the United States District

13   Court for the District of New Mexico, do hereby certify that

14   pursuant to Section 753, Title 28, United States Code, that the

15   foregoing is a true and correct transcript of the

16   stenographically reported proceedings held in the

17   above-entitled matter on March 13, 2024, and that the

18   transcript page format is in conformance with the regulations

19   of the Judicial Conference of the United States.

20   Dated this 23rd day of August, 2024.

21

22   _____
     ANDREA M. LYNCH, RPR, NM CCR #127
23   FEDERAL OFFICIAL COURT REPORTER
     333 Lomas Boulevard Northwest
24   Albuquerque, New Mexico  87102
     Phone:  (505) 348-2093
25   Email:  Andrea_Lynch@nmd.uscourts.gov